RAMIRO LUENGO Y CABO, demandante y apelado, *v.* EVA GEORGINA ACOSTA Y KNIGHT, demandada; DOLORES VIZCARRONDO DE URRUTIA, compareciente y apelante.

Núm. 7985.—*Sometido:* Mayo 24, 1940. *Resuelto:* Mayo 31, 1940.

*Francisco Vizcarrondo,* abogado de la apelante; *Monserrat, de la Haba & Monserrat,* abogados del apelado.

---

* NOTA: Véase el prefacio.

EL JUEZ ASOCIADO SEÑOR DE JESÚS emitió la opinión del tribunal.

Por escritura núm. 36 de 31 de diciembre de 1934, otorgada ante el notario don Mariano Acosta Velarde, inscrita en el registro de la propiedad el 11 de enero de 1935, al folio 163 vuelto del tomo 14 de Carolina, finca 646, inscripción 4ª., doña Georgina Acosta, en garantía de un crédito por $1,100 y otras obligaciones accesorias, constituyó a favor de don Ramiro Luengo Cabo primera hipoteca sobre una finca propiedad de aquélla, de 5,900 yardas cuadradas radicada en el barrio Hoyo Mulas del término municipal de Carolina.

Por otra escritura de 26 de septiembre de 1936 ante el notario don Francisco Vizcarrondo Morell, inscrita el 3 de octubre de 1936 al folio 175 del tomo 32 de Carolina, finca núm. 296⁴, inscripción 19, la misma señora Acosta vendió a doña Dolores Vizcarrondo de Urrutia una finca rústica de 24 cuerdas de superficie radicada en el barrio Pueblo del término municipal de Carolina.

Vencido y no satisfecho el crédito hipotecario que la señora Acosta constituyó a favor del Sr. Luengo Cabo, instó éste un procedimiento ejecutivo en la corte inferior, el 20 de abril de 1937, enmendando luego, el 5 de agosto de 1938, el escrito inicial que originalmente radicó en dicho procedimiento.

En la certificación del registro de la propiedad expedida el 2 de agosto de 1938, que se acompañó al escrito inicial enmendado, se acredita ''que la referida hipoteca no ha sido cancelada parcial ni totalmente, ni se halla pendiente de cancelación según el Libro Diario; *y la finca que la grava (sic) tampoco ha sido transmitida a tercera persona ni se halla afecta a ningún gravamen posterior a la hipoteca de referencia''* (bastardillas nuestras).

A base de esa certificación no era necesario notificar del procedimiento a ninguna otra persona además de la deudora.

Seguidos los trámites prescritos en el procedimiento ejecutivo, terminó éste con la adjudicación de la finca al acreedor, en la subasta celebrada el 23 de diciembre de 1938.

Mientras se tramitaba el procedimiento ejecutivo la señora Vizcarrondo de Urrutia y el tutor de la señora Acosta, para esa fecha ya declarada incapaz, comparecieron ante la Corte de Distrito de San Juan en un procedimiento ex parte, en el que expusieron sustancialmente que la finca de 5,900 yardas cuadradas objeto del procedimiento ejecutivo a que venimos haciendo referencia era parte integrante de la de 24 cuerdas, vendida por la señora Acosta a la señora Vizcarrondo el 26 de septiembre de 1936. La corte, después de oír a la señora Vizcarrondo y al tutor, hijo de la incapaz, señor Rafael Palacios Acosta, el 7 de octubre de 1938, dictó una resolución de conformidad con lo solicitado, cuya parte dispositiva dice así:

"Por tanto, la corte resuelve favorablemente la solicitud de la peticionaria y en su virtud ordena, que la escritura de compraventa número cinco, de veintiséis de septiembre de mil novecientos treinta y seis que fué inscrita en el Registro de la Propiedad de San Juan, P. R., Sección Segunda, al tomo treinta y dos, folio ciento setenta y cinco, finca doscientos noventa y seis, cuadruplicado, inscripción diecinueve, y que incluye el predio de cinco mil novecientas una (sic) yardas cuadradas a que se refiere el párrafo segundo de esta resolución, sea también registrada en relación con dicho predio que se identifica con el número seiscientos cuarenta y seis del tomo catorce, folio ciento cincuenta y nueve del Municipio de Carolina, a los efectos procedentes."

El mismo día en que se dictó la citada resolución, la señora Vizcarrondo compareció ante el notario don Francisco Vizcarrondo y otorgó un acta que tituló "Acta Aclaratoria", en la que transcribió una copia certificada de la ameritada resolución de la corte inferior, inscribiéndose dicha acta en el registro de la propiedad el 19 de octubre de 1938, al folio 176 vuelto, del tomo 32 de Carolina, finca núm. 296⁴, inscripción 21.

Así las cosas, el 30 de enero de 1939, Ramiro Luengo Cabo, cuya escritura de adjudicación de la finca hipotecada no había podido inscribirse por aparecer entonces inscrita la misma a favor de la señora Vizcarrondo, que no había sido parte en el procedimiento ejecutivo, alegando que dicha señora había adquirido la finca después de iniciado el procedimiento ejecutivo, solicitó de la corte inferior, que en armonía con las disposiciones del artículo 71 de la Ley Hipotecaria, según fué interpretado por este tribunal en el caso de *Arroyo* v. *Zavala,* 40 D.P.R. 269, se notificase a la señora Vizcarrondo que en el término de diez días a partir de la notificación, podría liberar la finca pagando al señor Luengo las sumas reclamadas en el procedimiento, o de lo contrario se ordenaría la cancelación de la inscripción a su favor.

Librada por la corte la orden solicitada por Luengo y notificada la señora Vizcarrondo, se personó ésta en autos en el procedimiento ejecutivo radicando el 10 de febrero de 1939 tres distintas alegaciones, a saber: (*a*) Moción de intervención; (*b*) Excepción previa, y (*c*) Contestación a la moción del demandante y a la orden de la corte sobre pago de las sumas reclamadas o en su defecto cancelación del título de la señora Vizcarrondo en el registro de la propiedad.

La intervención solicitada lo es en relación con el procedimiento ejecutivo; la excepción previa es la de existir otra acción pendiente por la misma causa entre las mismas partes, y la contestación, como su título indica, va dirigida a controvertir la moción del demandante y a oponerse a la ameritada orden de enero 30 de 1939 por la que se notificó a la señora Vizcarrondo para que pagase las sumas reclamadas apercibiéndosele de cancelar su título sobre la parcela de 5,900 yardas en caso de no verificar dicho pago.

Acompañó la señora Vizcarrondo como *exhibits* a sus citadas alegaciones o presentó en la audiencia que se celebró al efecto (esto no aparece claramente de los autos), la escritura de 26 de septiembre de 1936, a virtud de la cual adquirió

la finca de 24 cuerdas; el acta aclaratoria en que se transcribe la copia certificada de la orden de la corte inferior declarando que la finca de 5,900 yardas cuadradas fué incluída en la escritura de compraventa últimamente citada, y además copias certificadas de los antecedentes del pleito de nulidad de procedimiento ejecutivo que en la misma corte y con fecha 6 de diciembre de 1938, instó la señora Vizcarrondo contra el señor Luengo. Terminó su contestación la señora Vizcarrondo con súplica de que se anulase la orden de enero 30, 1939, tantas veces citada, "con los demás pronunciamientos pertinentes."

La corte inferior ordenó una audiencia en relación con este incidente, a la cual comparecieron el demandante Luengo y la señora Vizcarrondo por sus respectivos abogados, recayendo el 16 de marzo, 1939, una resolución final en la que después de exponer los hechos que ya conocemos, se dijo:

"...Durante la tramitación del recurso, la finca gravada con la hipoteca fué transmitida a doña Dolores de Vizcarrondo por escritura núm. 7, de octubre 7, 1938...y después de oír a las partes y de estudiar el caso de *González* v. *Ortiz y El Pueblo*, 47 D.P.R. 849, llegamos a la conclusión de que la doctrina en este caso no es aplicable a los hechos que venimos resolviendo y que no procede la intervención y debe expedirse el correspondiente mandamiento para que se dé cumplimiento a la orden de enero 30 de 1939, sobre inscripción de la finca a favor del demandante, de acuerdo con el procedimiento del artículo 71 de la Ley Hipotecaria.

"Las mociones que radica doña Dolores de Vizcarrondo, se declaran sin lugar, y asimismo la excepción previa, que es una alegación completamente extraña y ajena a este procedimiento." (T. A., 66.)

Contra la citada resolución de 16 de marzo, 1939, y contra la orden de enero 30 del mismo año, disponiendo la notificación a la señora Vizcarrondo, interpuso ésta el presente recurso.

Despejada la confusión a que pueden dar lugar las diversas actuaciones de las partes en este procedimiento, surge claramente la cuestión a resolver, a saber: ¿Adquirió la señora

Vizcarrondo el título que ostenta sobre la finca de 5,900 yardas cuadradas al otorgarse la escritura de 26 de septiembre de 1936, antes mencionada, o lo adquirió por la resolución de la corte de octubre 7, 1938, declarativa de que la finca de 5,900 yardas era parte integrante de la finca de 24 cuerdas?

Si la adquirió el 26 de septiembre, 1936, al comprar la finca de 24 cuerdas, es obvio que la señora Vizcarrondo no es una adquirente *pendente lite,* puesto que el procedimiento ejecutivo se instituyó como hemos visto, con posterioridad a esa fecha, el 20 de abril de 1937. Si no es ella un adquirente *pendente lite* no es de aplicación el artículo 71 de la Ley Hipotecaria según fué interpretado por este tribunal en el caso de *Arroyo* v. *Zavala,* 40 D.P.R. 269, 278, que sólo autoriza el procedimiento aquí seguido por el demandante apelado y la corte inferior, cuando de adquirentes *pendente lite* se trate.

Si examinamos la resolución de la corte de distrito de octubre 7, 1938, que causó la inscripción de la finca de 5,900 yardas a favor de la apelante, dictada por el mismo juez que dictó la orden y resolución apeladas, se concluirá sin esfuerzo alguno, que el título que la señora Vizcarrondo ostenta sobre la finca hipotecada se deriva de la escritura de 26 de septiembre de 1936, por la que adquirió la finca de 24 cuerdas antes mencionada. La ameritada resolución de octubre 7, 1938, en lo pertinente dice así:

"Por tanto, la corte resuelve favorablemente la solicitud y en su virtud ordena que la escritura de compraventa núm. 5, de septiembre 26, 1936, que fué inscrita...*y que incluye el predio de 5,901 yardas (sic)...sea también registrada en relación con dicho predio,* que se identifica con el número 646 del tomo 14, folio 159 del Municipio de Carolina, a los efectos procedentes."

Es obvio que la citada resolución no creó a favor de la señora Vizcarrondo, apelante en este caso, ningún derecho nuevo que antes de esa fecha no tuviese ella; por el contrario, claramente declaró que su título a la finca de 5,900

yardas cuadradas se deriva de la escritura núm. 5 de septiembre 26, 1936.

No siendo la apelante una adquirente *pendente lite,* es de indiscutible aplicación lo resuelto por este tribunal, por voz de su Juez Asociado Sr. Córdova Dávila, en el caso de *González* v. *Ortiz y El Pueblo,* 47 D.P.R. 849, 857, en el que se dice:

"No hay duda alguna en cuanto a la fecha en que la propiedad fué adquirida por El Pueblo de Puerto Rico. La validez de su título no es cuestión que puede ser discutida dentro del procedimiento sumario que prescribe el artículo 71 que venimos comentando. *Los hechos demuestran claramente que el apelante no adquirió la propiedad durante la tramitación del procedimiento sumario, y por esta sola razón, de no existir otras, habría que revocar las resoluciones de la corte inferior, toda vez que la misma actuó sin autoridad al expedir las órdenes de notificación y al ordenar la cancelación en el registro de la inscripción del inmueble a favor del apelante.*"

La evidencia que ante sí tuvo la corte *a quo* demostró concluyentemente que no se trataba en este caso de una adquirente *pendente lite* y por consiguiente que carecía la corte de autoridad para dictar las órdenes apeladas e independientemente de la procedencia de las alegaciones radicadas por la apelante tendientes a hacer valer su derecho, debió anular la orden de 30 de enero de 1939 y abstenerse de dictar la resolución de marzo 16 del mismo año, que motivan este recurso, por carecer de autoridad para dictar una y otra providencias.

*Procede en este caso declarar con lugar el recurso y en su consecuencia revocar la orden y resolución apeladas de 30 de enero y 16 de marzo de 1939, respectivamente, sin perjuicio de que el apelado pueda reclamar el derecho que le asista, en el procedimiento ordinario correspondiente.*