DOLORES DE VIZCARRONDO DE URRUTIA, demandante, contrademandada y apelante, *v.* RAMIRO LUENGO Y CABO, demandado, contrademandante y apelado.

Núm. 8662.—*Sometido:* Noviembre 18, 1943. *Resuelto:* Marzo 6, 1944.

*Francisco Vizcarrondo,* abogado de la contrademandada apelante; *Damián Monserrat, Jr.,* y *Gabriel de la Haba,* abogados del contrademandante apelado.

EL JUEZ ASOCIADO SEÑOR DE JESÚS emitió la opinión del tribunal.

██ Clara Knight fué dueña de una parcela de terreno en Carolina que figuraba en el Registro de la Propiedad como la finca número 296 de Carolina. En el año 1912 dicha señora segregó de la indicada finca una parcela de 5,901 yardas cuadradas que vendió a Rafael Palacios Salazar, casado con Eva Knight. A esta nueva finca de 5,901 yardas cuadradas correspondió el número 646 de las fincas de Carolina en el Registro de la Propiedad, y en lo sucesivo nos referiremos a dichas dos fincas por sus números respectivos antes mencionados.

En 1918 Eva Acosta Knight adquirió la finca número 646 y la inscribió a su nombre. Más tarde, en 1927, adquirió también e inscribió a su nombre la finca número 296. En el año 1931, a solicitud de Eva Acosta Knight, el ingeniero Ignacio Morales practicó una mensura de las dos fincas, la número 296 y la número 646, y como eran colindantes entre sí el ingeniero las consideró y las hizo figurar en el plano que levantó al efecto como si de una sola finca se tratase. En la mensura fué incluída también otra parcela que años antes había sido segregada de la finca número 296. La superficie de todo el terreno objeto de dicha mensura ascendió a 95,138 metros cuadrados, equivalentes a 24.24 cuerdas. Las dos fincas, números 296 y 646, después de la mensura permanecieron inscritas, naturalmente, como dos fincas distintas en el Registro de la Propiedad.

El 20 de octubre de 1931, después de la mensura a que hemos hecho referencia en el párrafo anterior, Eva Acosta Knight hipotecó una parcela de dieciocho cuerdas de la finca número 296 a favor del aquí demandado apelado en garantía de un préstamo por tres mil quinientos dólares. Inducida a error Eva Acosta Knight, sin duda por la forma en que se practicó la mensura al considerarse todo el terreno como si de una sola finca se tratase, consignó dicha señora en la escritura que aunque en el Registro de la Propiedad aparecía la finca número 296 con una cabida de veinte cuerdas, era lo

cierto que según la referida mensura su cabida era de 24.24 cuerdas..

Al año siguiente, el 18 de noviembre de 1932, Eva Acosta Knight constituyó otra hipoteca por mil quinientos dólares a favor del aquí demandado apelado sobre la totalidad de la finca número 296. Estos dos préstamos fueron satisfechos por Eva Acosta Knight, y en el año 1934 fueron canceladas las dos hipotecas que los garantizaban. Libre así de cargas la finca número 296, Eva Acosta Knight la hipotecó entonces a favor del Federal Land Bank of Baltimore.

El 3 de enero de 1935 Eva Acosta Knight reconoció adeudar al aquí demandado apelado la cantidad de mil cien dólares, y en garantía de dicha suma constituyó hipoteca sobre la finca número 646, que como hemos dicho continuaba como finca separada en el Registro de la Propiedad.

El 26 de septiembre de 1936 Eva Acosta Knight vendió a la aquí demandante Dolores Vizcarrondo la finca número 296 sujeta al gravamen hipotecario que tenía a favor del Federal Land Bank of Baltimore. En la escritura describió la finca número 296 como de una superficie de veinte cuerdas, aclarando sin embargo que según mensura practicada por el ingeniero Ignacio Morales la cabida de la finca había resultado ser de 24.24 cuerdas. En la escritura se hace constar que la venta incluía la totalidad del terreno comprendido en el plano antes mencionado.

Enterada en alguna forma la ahora demandente de que el demandado alegaba tener una hipoteca sobre parte de la finca que ella compró como de 24.24 cuerdas, el 29 de octubre de 1936 escribió al demandado solicitando le mostrara su título, ya que según ella la vendedora no le había informado de la existencia de tal gravamen. El 21 de marzo de 1937 volvió la demandante a dirigirse al demandado sobre el mismo asunto, pero en ninguna de las dos ocasiones el demandado contestó la carta de la demandante.

El 20 de abril de 1937 el demandado instó procedimiento ejecutivo en cobro de su hipoteca de mil cien dólares sobre la finca número 646 y requirió de pago a Eva Acosta Knight. Habiendo descubierto después el ejecutante que Eva Acosta Knight había sido declarada incapaz, en agosto 1938 enmendó el escrito inicial, requiriéndose de pago entonces a su tutor. Continuó el procedimiento su tramitación, y el 23 de diciembre de 1928 se celebró la subasta, siendo adjudicada al ahora demandado la finca número 646 en pago de su crédito, otorgándose la correspondiente escritura de venta judicial.

En el entretanto, el 6 de marzo de 1938 la demandante instó un procedimiento en la Corte de Distrito de San Juan interesando de la corte que a nombre de la incapacitada Eva Acosta Knight declarase que la venta hecha por ésta a la demandante por escritura de 26 de septiembre de 1936, no sólo comprendía la finca número 296, si que también la número 646 y otra parcela que no está envuelta en este litigio. La corte dictó la resolución solicitada por la demandante y en su consecuencia se inscribió a favor de la demandante la finca número 646. Inscrita así a favor de la demandante la finca últimamente mencionada antes de que se presentase al registro la escritura de venta judicial a favor del demandado, al solicitarse la inscripción de dicha escritura el registrador la denegó por hallarse dicha finca número 646 inscrita previamente a nombre de la demandante. Solicitó entonces el demandado en la corte inferior que la señora Vizcarrondo fuese notificada de conformidad con el artículo 71 de la Ley Hipotecaria, según fué interpretado en el caso de *Arroyo* v. *Zavala*, 40 D.P.R. 269, para que en el término de diez días a partir de la notificación liberase la finca pagando al ahora demandado, señor Luengo, las sumas reclamadas en el procedimiento ejecutivo, o de lo contrario se ordenaría la cancelación de la inscripción que a favor de ella se había practicado en el Registro de la Propiedad. La corte de distrito, por resolución de 16 de marzo de 1939, accedió a lo solicitado por

el ahora demandado y ordenó que se hiciese a la ahora demandante la notificación a que se refiere el citado artículo 71 de la Ley Hipotecaria. Apeló de dicha resolución la ahora demandante y este tribunal, por entender que la señora Vizcarrondo no era una adquirente *pendente lite,* ya que su título, según había declarado la propia corte de distrito en resolución de 7 de octubre de 1938, surgía de la escritura de compraventa de 26 de septiembre de 1936, revocó la resolución apelada sin perjuicio de que el acreedor hipotecario pudiese reclamar su derecho en el procedimiento ordinario correspondiente. *Luengo* v. *Acosta,* 56 D.P.R. 917. El 21 de octubre de 1938 Dolores Vizcarrondo instó la demanda del pleito que motiva este recurso, a virtud del cual solicitó la nulidad del procedimiento ejecutivo que había seguido Ramiro Luengo contra la anterior dueña de la finca, Eva Acosta Knight. Contestó el demandado y, para el caso de que prosperase la demanda, a la vez contrademandó, solicitando que la contrademandada, señora Vizcarrondo, como dueña actual de la finca hipotecada, fuese condenada a pagarle la cantidad de mil cien dólares de principal de la hipoteca, $357.50 por concepto de intereses a razón del seis por ciento anual desde el 28 de febrero de 1935 hasta el 30 de junio de 1940, más los que se devengaren hasta el total pago de la deuda, y ciento cincuenta dólares de crédito adicional estipulados para los gastos, costas y honorarios de abogado en caso de ejecución, más la suma de $81.60 por contribuciones pagadas por el contrademandante y los intereses sobre esa suma hasta el día que fuese satisfecha, más las costas y honorarios de abogado de este litigio.

Contra la sentencia que declaró con lugar la demanda y la contrademanda, interpuso la señora Vizcarrondo el presente recurso.

Como la parte de la sentencia que declaró nulo el procedimiento ejecutivo no fué apelada por el demandado Luengo, este recurso se circunscribe a la parte de la sentencia que declaró con lugar la contrademanda.

La parte dispositiva de la sentencia, en lo que a la contra-demanda concierne, es como sigue:

"Se declara asimismo con lugar la contrademanda, y en su virtud se ordena la venta de la finca que se describe a continuación, para satisfacer al demandado-contrademandante Ramiro Luengo y Cabo la suma principal de $1,100, intereses al 6 por ciento anual sobre dicha suma desde febrero 28 de 1935 hasta su completo pago, $150 por concepto de costas y honorarios de abogado, y $49.59 por concepto de contribuciones: [se describe la finca]."

La mera exposición de los hechos de este caso demuestra claramente la corrección de la sentencia apelada. La hipoteca, como hemos visto, se constituyó por la persona dueña entonces de la finca número 646 y se inscribió debidamente en el Registro de la Propiedad antes de que la finca en cuestión fuese adquirida por la aquí apelante. No hay duda, pues, que la apelante adquirió la finca número 646 ya sea como parte de la finca número 296 ó como finca separada bajo el número 646, sujeta a la hipoteca a favor del contrademandante. La sentencia de este Tribunal en el caso de *Luengo* v. *Acosta,* supra, en nada afectó el derecho de hipoteca que tenía Luengo sobre esta finca, estando limitada dicha sentencia a la validez de un incidente del procedimiento ejecutivo que ha sido declarado nulo por la sentencia dictada en este caso por la corte inferior. Como dicha hipoteca no ha sido satisfecha, procede declarar con lugar la contrademanda que reclama el cobro de la misma así como los intereses devengados sobre dicha suma a razón del seis por ciento anual desde el 28 de febrero de 1935 hasta su completo pago, más los ciento cincuenta dólares estipulados por concepto de costas y honorarios de abogado. [2] En cuanto a la reclamación por concepto de contribuciones, la corte muy acertadamente la redujo de $81.68 reclamados por el contrademandante, a $49.59, fundándose en que de dichos $81.68 pagados por el contrademandante, $32.09 correspondían a los años fiscales 1934–35 y 1935–36, cuando la demandante no era dueña

de la finca hipotecada, no habiéndose hecho constar dicho pago en el Registro de la Propiedad.

*Por lo expuesto, procede declarar sin lugar el recurso y confirmar la sentencia apelada.*